IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEORGE E. AUSTIN,

        Petitioner,

v.

TABB BICKELL, THE DISTRICT ATTORNEY
OF THE COUNTY OF PHILADELPHIA, and
THE ATTORNEY GENERAL OF THE STATE
OF PENNSYLVANIA,

        Respondents.

CIVIL ACTION
NO. 13-4548

## ORDER

**AND NOW**, this 7th day of October, 2016, upon careful and independent consideration of the petition for writ of habeas corpus and Petitioner's requests for an evidentiary hearing and leave to supplement the record, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, along with the points raised by Petitioner in his Motion to Amend and his Objections to the Report and Recommendation, it is hereby **ORDERED** as follows:

1. The Report and Recommendation is **APPROVED and ADOPTED**.[1]

---

[1] As stated above and in a prior order, the Court did review the arguments in Petitioner's motion to amend as well as his objections, but they provide no reason to disagree with the magistrate's conclusion that the petition is untimely.

Petitioner's motion to amend first asserts a substantive argument about the content of jury instructions that has no bearing on timeliness.

It goes on to raise an issue concerning statements made by several potential witnesses. By reference to the request to supplement the record (Doc. 18), it is apparent that Petitioner is arguing that these witness statements could have contributed to the idea that he withdrew from the conspiracy, that the other two perpetrators engaged in their own separate conspiracy, and that the victim was alive when Petitioner's direct involvement ended. But as explained in the report and recommendation at pages 5-8 and footnote 6, arguments based on the idea that Petitioner was not guilty of murder because he did not participate after the victim was put in the trunk and because the victim died of drowning have previously been considered on the merits and rejected by both the Pennsylvania Superior Court during Petitioner's initial appeal and Judge Bechtel and Magistrate Judge Naythons of this Court on Petitioner's first federal habeas petition. Thus the

2. The petition for a writ of habeas corpus is **DISMISSED AS UNTIMELY**.

3. Petitioner's requests for an evidentiary hearing (Doc. #17) and to supplement the record (Doc. #18) are **DENIED**.

4. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
Jeffrey L. Schmehl, J.

---

witness statements do not give rise to any viable claim of actual innocence to trigger equitable tolling.

Petitioner's objections first repeat the argument that treating his post-verdict arguments as a PCHA petition prevented him from pursuing certain claims. The magistrate has already addressed this argument and the objections add nothing to alter her conclusion.

The objections go on to reargue the question of Petitioner's diligence but offer no new effective excuses for the periods of delay identified by the magistrate. Petitioner focuses on having litigation ongoing in state court, but as the magistrate noted at footnote 19, Petitioner could have filed a protective petition before the state process concluded.

The final two sections of Petitioner's objections again revolve around the idea that his petition is timely because he is trying to put forth evidence of actual innocence. As noted above, the evidence to which he refers would not support a conclusion that he is innocent under the law, and for the same reason no evidentiary hearing to explore the evidence is warranted.

Nothing in Petitioner's extensive submissions, reviewed by the undersigned, offers a legitimate reason to differ with the magistrate's conclusion that the petition should be dismissed as untimely.